598 A.2d 583

UNITED STATES FIDELITY & GUARANTY COMPANY

v.

ROYER GARDEN CENTER & GREENHOUSE, INC.;
Susquehanna Township and George Kohler
t/d/b/a Kohler Signal Company.

Appeal of SUSQUEHANNA TOWNSHIP.

Lloyd L. GLAZER and Wienona M. Glazer, his wife

v.

Judy L. BORTZ; Susquehanna Township; Kohler Signal
Company; Commonwealth of Pennsylvania,
Department of Transportation.

Appeal of SUSQUEHANNA TOWNSHIP.

Judy L. BORTZ

v.

Julia MERCURIO, Administratrix of the Estate of Mariano
Mercurio; Susquehanna Township; Kohler Signal Company
and Commonwealth of Pennsylvania, Department of Trans-
portation and Winkomatic Signal Company/Multisonics Cor-
poration.

Appeal of SUSQUEHANNA TOWNSHIP.

Julia MERCURIO, Administratrix of
the Estate of Mariano Mercurio

v.

Judy L. BORTZ; Susquehanna Township; Kohler Signal Com-
pany and Commonwealth of Pennsylvania, Department of
Transportation and Royer's Garden Center & Greenhouse,
Inc., Winkomatic Signal Company/Multisonics Corporation.

Appeal of SUSQUEHANNA TOWNSHIP.

Lloyd L. GLAZER and Wienona M.
Glazer, his wife, Appellants,

v.

Judy L. BORTZ; Susquehanna Township; Kohler Signal
Company; Commonwealth of Pennsylvania,
Department of Transportation, Appellees.

Julia MERCURIO, Administratrix of the Estate
of Mariano Mercurio, Appellant,

v.

Judy L. BORTZ; Susquehanna Township; Kohler Signal Company and Commonwealth of Pennsylvania, Department of Transportation; Royer's Garden Center and Greenhouse, Inc. and Winkomatic Signal Company/Multisonics Corporation, Appellees.

UNITED STATES FIDELITY AND GUARANTY
COMPANY, Appellants,

v.

ROYER GARDEN CENTER AND GREENHOUSE, INC.;
Susquehanna Township and George Kohler t/d/b/a
Kohler Signal Company, Appellees.

Judy L. BORTZ

v.

Julia MERCURIO, Administratrix of the Estate of Mariano Mercurio, Susquehanna Township, Kohler Signal Company, Commonwealth of Pennsylvania, Department of Transportation and Winkomatic Signal Company/Multisonics Corporation.

Appeal of KOHLER SIGNAL COMPANY.

UNITED STATES FIDELITY & GUARANTY COMPANY

v.

ROYER GARDEN CENTER AND GREENHOUSE,
Susquehanna Township and George Kohler
t/d/b/a Kohler Signal Company.

Appeal of KOHLER SIGNAL COMPANY.

Julia MERCURIO, Administratrix of
the Estate of Mariano Mercurio

v.

Judy L. BORTZ; Susquehanna Township; Kohler Signal Company, and Commonwealth of Pennsylvania, Department of Transportation, Royer's Garden Center and Greenhouse, Inc., Winkomatic Signal Company/Multisonics Corporation.

Appeal of KOHLER SIGNAL COMPANY.

Lloyd L. GLAZER and Wienona M. Glazer, his wife

v.

Judy L. BORTZ, Susquehanna Township, Kohler Signal Company, and Commonwealth of Pennsylvania, Department of Transportation and Royer's Garden Center and Greenhouse, Inc., Winkomatic Signal Company and Multisonics Corporation.

Appeal of KOHLER SIGNAL COMPANY.

Judy L. BORTZ, Appellant,

v.

Julia MERCURIO, Administratrix of the Estate of Mariano Mercurio, Susquehanna Township, Kohler Signal Company, and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided Oct. 17, 1991.

Rehearing Denied Nov. 26, 1991.

34

36

John A. Statler, for appellant, cross-appellee, Susquehanna Tp.

Richard H. Wix, for appellants, cross-appellees, Mercurio, Glazer and U.S.F. & G.

Charles W. Rubendall, II and Donald M. Lewis, III, for appellant, cross-appellee, Kohler Signal Co.

Stephen L. Banko, Jr., for appellant, cross-appellee, Judy L. Bortz.

Before CRAIG, President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Susquehanna Township (Township), Kohler Signal Company (Kohler), Judy L. Bortz (Bortz), and collective appellants Julia Mercurio, Administratrix of the Estate of Mariano Mercurio (Mercurio), Lloyd L. and Wienona M. Glazer (Glazer) and United States Fidelity & Guaranty Company (USF & G), appeal from an order of the Court of Common Pleas of Dauphin County (trial court), which denied their post-trial motions for molding a jury's damages verdict and the trial court's calculation of delay damages.

The above-captioned consolidated matters on appeal arose from the following factual scenario. On May 15, 1987, at the intersection of Progress Avenue and Nationwide Drive in Susquehanna Township, Bortz, while in the course of her employment with Royer's Garden Center & Greenhouse, Inc. (Royer), was operating Royer's van and proceeding in a southbound direction when the van collided with a westbound vehicle operated by Mariano "Manny" Mercurio (decedent). These two vehicles collided with a third vehicle operated by Matthew Belicic (Belicic). As a result of the accident, Bortz sustained injuries, decedent was pronounced dead at the scene, and one of decedent's employees, Glazer, was injured. Decedent's truck, insured by USF & G, was totalled.

Bortz and Glazer maintained that the accident was caused by the traffic signal's displaying conflicting green lights simultaneously. The Township owned the traffic signal, for which Kohler provided maintenance and repair service. Testimony elicited during trial indicated that the light control system contained a technical device called a "conflict monitor," manufactured by Winkomatic Signal Company, a/k/a Multisonics Corporation (Winkomatic). The conflict monitor was intended to detect conflicting green lights and put the traffic signal into a flashing mode once detected.

Procedurally, the above-captioned cases were consolidated for trial with the liability and damage claims bifurcated and decided by two respective juries. On June 22, 1989, the jury reached its verdict as to liability, finding the Township 40% negligent, Kohler 40% negligent, Bortz 20% negligent, and Winkomatic released of any liability.

At the conclusion of the damages trial for Bortz and Mercurio, on September 5, 1989, the jury awarded Bortz $31,733.67 and Mercurio $328,265.00, with an additional award in the amount of $5,351.83, made on August 28, 1989, for property damages to decedent's vehicle. At the conclusion of the damages trial involving Glazer as plaintiff, the jury, on November 2, 1989, awarded Glazer $14,000.00.

The Township, Kohler, Bortz and, collectively, Mercurio, Glazer and USF & G, filed post-trial motions to mold the jury's damages verdict and the trial court's calculation of delay damages. After hearing oral argument on the motions on February 20, 1990, the trial court, on September 13, 1990, issued an order denying all post-trial motions filed and providing as follows: (1) judgment in favor of Bortz against the Township in the amount of $9,053.47 and against Kohler in the amount of $12,693.47; (2) judgment in favor of Mercurio against the Township in the amount of $138,720.72 and against Kohler in the amount of $149,626.72; (3) judgment in favor of Glazer against the Township in the amount of $3,600.00 and against Kohler in the amount of $5,600.00; and (4) judgment in favor of USF & G against the Township in the amount of $2,499.28 and against Kohler in the

amount of $2,499.28. It is from this order that the parties appeal.

The primary issues for our determination are: (1) whether substantial evidence in the record supports the trial court's denial of the Township's post-trial motions for a judgment notwithstanding the verdict (n.o.v.) on the basis that governmental immunity exempts municipalities from joint and several liability; (2) whether substantial evidence in the record supports the trial court's evidentiary rulings (when considered in entirety) as to all parties or whether such rulings constituted an abuse of discretion that would warrant granting a new trial; and (3) whether substantial evidence in the record supports the trial court's molding of the verdicts, including calculation of delay damages, for all parties and the resultant monetary awards.

## DENIAL OF MOTION FOR JUDGMENT N.O.V.

With respect to the first issue, the Township argues that the trial court should have entered a judgment n.o.v. in its favor because: (a) testimony elicited during the trial established that Kohler, an independent contractor, had unplugged the conflict monitor at the intersection one week before the subject accident and, pursuant to governmental immunity under what is commonly known as the Political Subdivision Tort Claims Act (Act),[1] the Township cannot be held liable either for the negligent action or the negligent supervision of Kohler; (b) no evidence in the record indicates the Township had prior notice, actual or constructive, of conflicting green lights at the intersection; and (c) under the rationale of *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626, *petition for allowance of appeal granted, in part*, 525 Pa. 550, 582 A.2d 1311 and 525 Pa. 551, 582 A.2d 1311 (1990), municipalities are exempt from the application of joint and several liability and, because the jury found the Township only 40% liable for the accident, a judgment n.o.v. in the Township's favor

1. 43 Pa.C.S. §§ 8541–8542.

is warranted. The Township further argues that it is not jointly and severally liable for those damages subject to immunity under the Act and that, just as plaintiffs are barred from recovering damages from the Township, so are co-defendants similarly barred from such recovery in a later contribution action.

Kohler counters the Township's argument on this issue by averring that substantial evidence was adduced at trial from which a jury could properly find that ownership, maintenance, control, and proper functioning of the traffic signal were the ultimate responsibilities of the Township, not Kohler, and that the Township cannot now claim to have been a "mere facilitator" of the accident and resultant personal injuries sustained by the parties. Kohler further argues that the recent case of *Buschman v. Druck*, 139 Pa.Commonwealth Ct. 182, 590 A.2d 53 (1991), reversed this Court's suggestion in *Crowell* that joint tort-feasor liability was no longer available against a governmental unit.

Bortz argues that the Township is not entitled to a judgment n.o.v. or a new trial, because the jury found the Township liable on the basis of its own negligence in allowing the continued existence of a known, hazardous intersectional condition. Additionally, Bortz argues that neither in *Buschman* nor in the case before us was there any evidence that intervening parties had engaged in criminal conduct (that would act as a superceding factor relieving the Township of liability), or any evidence indicating the accident situs was used for other than its intended purpose.

Similarly, Mercurio, Glazer and USF & G, collectively, argue that the jury found the Township's negligence to be a direct cause of their injuries and property damages and that, accordingly, no judgment n.o.v. in the Township's favor should be forthcoming.

Our scope of review of a trial court's decision denying motions for judgment n.o.v. or for a new trial is limited to determining whether the trial court abused its discretion or committed an error of law. *Paxton Hollow*

*Estates, Ltd. v. Lower Paxton Township,* 93 Pa.Common-wealth Ct. 468, 501 A.2d 1175 (1985). When deciding whether a judgment n.o.v. is warranted, this Court must consider evidence and any conflicts in evidence in the light most favorable to the verdict winner who is afforded the benefit of all reasonable factual inferences that arise from the evidence. *Sacco v. City of Scranton,* 115 Pa. Common-wealth Ct. 512, 540 A.2d 1370 (1988), *petition for allowance of appeal denied,* 524 Pa. 601, 568 A.2d 1251 (1989). More-over, where the jury has been presented with conflicting evidence, a motion for judgment n.o.v. must be denied. *Moore v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 586, 571 A.2d 518 (1990), *petition for allowance of appeal denied,* 527 Pa. 589, 588 A.2d 511 (1991). In fact, a judg-ment n.o.v. will be granted only in clear cases in which "facts are such that no two reasonable persons could fail to agree that the verdict was improper." *Id.,* 527 Pa. at 592, 571 A.2d at 521.

█ Unarguably, such is not the case before us, and our examination of the record reveals substantial evidence to support the trial court's denial of the motion for a judgment n.o.v.

First, the record is replete with evidence that the jury's verdict was based on multiple allegations of negligence against the Township and did not rest solely on Kohler's unplugging of the conflict monitor. Specifically, testimony of record indicated: (1) the Township had knowledge that a dangerous condition existed at the subject intersection from the many incident reports of past traffic signal malfunction-ing; (2) the Township had knowledge of Kohler's practice of unplugging the conflict monitor to remedy a four-way traf-fic situation; and (3) the Township's maintenance of the traffic control box (found to house mice) was negligent. Moreover, special interrogatories directed to the jury em-phasized that Kohler was not an employee of the Township which, accordingly, should not be held liable for Kohler's negligence. The aforementioned factors were sufficient to

42

support the jury's finding the Township independently negligent in this instance.

█ Secondly, the Township's reliance upon *Crowell* as prohibiting any finding of joint and several liability against a government entity is ill-founded in light of the more recent *Buschman* case in which the Court stated: "After a thorough review of *Crowell,* and the cases cited therein, we conclude that the panel in *Crowell* erred when it suggested that joint tortfeasor liability was no longer available against a governmental unit." *Buschman,* 139 Pa.Commonwealth Ct. at 187, 590 A.2d at 55. We find, therefore, that the trial court committed no abuse of discretion in denying the Township's motion for a judgment n.o.v.

## DENIAL OF MOTIONS FOR A NEW TRIAL

█ As to the second issue for our determination, whether substantial evidence in the record supports the trial court's evidentiary rulings and its subsequent denial of the Township's and Kohler's motions for a new trial, our applicable standard for review is "whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case." *City of Philadelphia v. Gray,* 133 Pa.Commonwealth Ct. 396, 399, 576 A.2d 411, 413 (1990), *petition for allowance of appeal granted,* 526 Pa. 654, 586 A.2d 923 (1991).

In arguing for a new trial, the Township maintains the record contains no evidence indicating the Township had notice of the conflicting green light situation prior to the accident. It is the Township's position, therefore, that the trial court erred in allowing Bortz to submit evidence of other accidents at said intersection not involving conflicting green lights. The Township further argues that the trial court erred in admitting evidence regarding the Township's negligent supervision and inspection of Kohler's traffic signal maintenance performance and in failing to instruct the jury that a municipality cannot be held liable for acts of independent contractors.

Finally, the Township contends that the trial court, in violation of Section 1722 of the Vehicle Code, 75 Pa.C.S. § 1722,[2] erred in allowing Bortz to submit evidence of medical bills and wages that were unpaid by workmen's compensation.

We turn now to Kohler's arguments that a new trial is warranted because of the trial court's errors in:

(1) denying Kohler's request to amend its complaint against additional defendant Winkomatic, to aver a design defect in the controller installed at the accident intersection.

(2) overruling Kohler's objections to testimony of Winkomatic's expert as to the malfunctioning of a controller similar to the subject one, and in sustaining objections to Kohler's questioning of this same expert regarding the design defect of the controller.

(3) denying Kohler's request to call an individual (who did not actually see the accident) as a witness.

---

**2.** 75 Pa.C.S. § 1722, prior to its amendment by the Act of February 7, 1990, P.L. 11 (Act 6), *formerly* provided: Preclusion of pleading, proving and recovering required benefits.

In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in Section 1711 (relating to required benefits) or the coverage set forth in Section 1715(a)(1.1) (relating to availability of adequate limits) shall be precluded from pleading, introducing into evidence or recovering the amount of benefits paid or payable under Section 1711 or 1715(a)(1.1). This preclusion applies only to the amount of benefits set forth in sections 1711 and 1715(a)(1.1).

75 Pa.C.S. § 1722.

75 Pa.C.S. § 1722 currently provides: Preclusion of recovering required benefits:

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719 (relating to coordination of benefits) shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined in section 1719.

(4) sustaining objections to portions of testimony given by Kohler's traffic engineering expert, and in allowing recross of one of Kohler's expert witnesses without allowing Kohler redirect of same.

(5) granting Kohler too few and plaintiffs too many peremptory challenges for jury selection.

(6) refusing to give Kohler's points for charge to the jury.

(7) refusing to grant a mistrial either because of a juror who fell asleep during the trial and deliberations, or because of a three week interruption in the midst of Kohler presenting its case-in-chief.

The above-listed are only a few of the myriad of objections made by Kohler to the trial court's evidentiary rulings with respect to expert testimony and other evidence submitted by plaintiffs Bortz, Mercurio and Glazer.

■ In rebutting the Township's arguments as to the second issue, Bortz counters that the trial court properly allowed her to submit evidence of other accidents involving the traffic signals at the subject intersection (although not identical to the present fact pattern), as establishing the Township's knowledge of a known, dangerous condition. As to Kohler's arguments for a new trial based on the trial court's allegedly erroneous evidentiary rulings, Bortz, Mercurio, Glazer and USF & G argue that since the record contains no evidence that the trial court abused its discretion in making these rulings, a new trial is not warranted.

Traditionally, this Court has held that a trial court's ruling on a motion for new trial will not be reversed "absent an error of law controlling the outcome of the case or an abuse of discretion where the ruling turns on the weight of the evidence." *Sacco*, 115 Pa.Commonwealth Ct. at 516, 540 A.2d at 1372. Moreover, a plethora of recent cases such as *Henry v. McCrudden*, 133 Pa.Commonwealth Ct. 231, 575 A.2d 666, *petition for allowance of appeal denied*, 526 Pa. 651, 585 A.2d 470 (1990) and *Gray* have reaffirmed the principle that "questions concerning the admission or exclusion of evidence are within the sound

discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion." *Catina v. Maree,* 272 Pa.Superior Ct. 247, 258, 415 A.2d 413, 419 (1979). *See also Juniata Foods, Inc. v. Mifflin County Development Authority,* 87 Pa.Commonwealth Ct. 127, 486 A.2d 1035 (1985).

■ Our examination of the record reveals substantial evidence to support the trial court's order denying the Township's and Kohler's motions for a new trial and to support the trial court's evidentiary rulings, for which the trial court has wide discretion, and which we will sustain unless clear abuse of discretion is exhibited. *Department of Transportation v. Weller,* 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990). As to the Township's arguments for a new trial, we find that the record supports the trial court's admitting evidence of other accidents at the same intersection (not involving flashing green lights), because such was highly probative in proving the Township had notice of a dangerous traffic signal condition allowed to exist, pursuant to Section 8542(b)(4) of the Act.[3] The record also contains substantial evidence (i.e., special interrogatories to the jury) that the jury was made aware of the fact that Kohler was not a Township employee. Additionally, evidence in the record supports the trial court's admitting a portion of Bortz' medical bills into evidence, since Bortz showed they had been rejected by her workmen's compensation insurance carrier and were, therefore, in the trial court's opinion, appropriate for the jury's consideration.

3. 42 Pa.C.S. § 8542(b)(4) provides:
The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . . .

(4) A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Kohler, in arguing for a new trial, disputes many of the trial court's specific evidentiary rulings (seven of which are enumerated in this opinion) that were within the trial court's discretion to make and which are supported by substantial evidence of record.

██  As to the trial court's denying Kohler's request to amend its complaint against additional defendant Winkomatic to allege a design defect in the controller, evidence in the record supports the trial court's findings that Kohler originally alleged a defect in the conflict monitor, not the controller.  To allow Kohler to add new allegations of liability in its complaint by alleging a defect in the controller would result in prejudicial delay for Winkomatic and all other defendants.

██  Evidence in the record also supports the trial court's allowing an expert for Winkomatic (who had submitted a written report) to testify regarding the malfunctioning of a controller similar to the subject one, in that other witnesses had referred to the controller's functioning. This, in the trial court's opinion, rendered it appropriate for the jury to see exactly how the traffic controller operated. Similarly, evidence in the record supports the trial court in:

(1) denying Kohler's request to call an individual as a witness, because her deposition testimony revealed she neither saw the accident occur, nor the color of the traffic lights at the time of the accident.

(2) sustaining objections to testimony given by Kohler's traffic engineering expert because the expert was asked to exceed the scope of his expertise by testifying to the accuracy of reports from the public about traffic signal malfunctions.

(3) exercising judicial discretion pursuant to Pennsylvania Rule of Civil Procedure 221 to allocate four peremptory jury challenges to each defendant, except Bortz and Royer, rather than granting, (as Kohler argued on the basis of consolidation of the Bortz, Mercurio and Glazer cases), four peremptory challenges to each party, which would

have produced 128 total jury selection challenges, clearly not a feasible result.

(4) denying Kohler's contention that the trial court erred in failing to give Kohler's jury instructions to the jury, since nothing indicates that Kohler set forth the specific points for charge it alleged were not covered by the trial court's instructions to the jury and how each omitted instruction allegedly affected the jury's verdict.

(5) denying Kohler's request for a mistrial on the basis that one juror fell asleep during the trial and during deliberations, since the respective attorneys themselves chose the elderly juror in question, and never asked that the juror be excused. Moreover, evidence of record indicates that Kohler does not specify how it was prejudiced by the three-week interruption, especially since the trial court allowed testimony to be admitted a second time to refresh the jury's memory.

Addressing collectively the parties' numerous other arguments as to the trial court's allegedly erroneous evidentiary rulings, this Court is keenly aware that "[a]n evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment" and "[t]o constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining." *Hart v. Stewart, Inc.*, 523 Pa. 13, 16, 564 A.2d 1250, 1252 (1989).

We find nothing in the record to indicate the trial court abused its discretion in making any of the challenged evidentiary rulings, or that any of said rulings were so prejudicial or harmful to any party as to have had a significant impact on the jury verdict.

Accordingly, we affirm the trial court's denial of the Township's and Kohler's motions for a new trial.

## TRIAL COURT'S MOLDING OF
## THE DAMAGE VERDICTS

We now turn our attention to the third issue, whether substantial evidence in the record supports the trial court's

molding of the jury's damage verdicts and the trial court's calculation of delay damages and resultant monetary awards. The Township, Kohler, Bortz, Mercurio and Glazer contend that the trial court erred in its calculation of the parties' monetary awards.

## THE TOWNSHIP

The Township first disputes the trial court's award of $9,053.47 in favor of Bortz against the Township on the basis that said amount erroneously included compensation for pain and suffering, recovery of which from a municipality is, according to the Township, prohibited by the Act in the absence of proof of permanent dismemberment, permanent disfigurement or permanent loss of a bodily function,[4] and therefore, should be excluded from the trial court's computation. Next, the Township disputes its allocated share ($3,600.00) of the trial court's molded damage verdict for Glazer, arguing that the trial court ignored section 8553(d) of the Act,[5] by not offsetting the Township's allocated portion against a "dollar-for-dollar" credit for worker's compensation wage loss benefits received by Glazer. With respect to USF & G, the Township argues the trial court failed to mold the verdict to reflect the Township's objection, pursuant to Section 8553(d) of the Act, to being held liable for amounts covered by USF & G collision insurance.

**4.** 42 Pa.C.S. § 8553(c)(2) provides:
Types of losses recognized.—Damages shall be recoverable only for:

. . . . .

(2) Pain and suffering in the following instances:
(i) death; or
(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

**5.** 42 Pa.C.S. § 8553(d) provides:
(d) Insurance benefits.—If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

Finally, as to delay damages, the Township argues that the trial court erroneously assessed delay damages against the total jury verdict, rather than solely against the molded portion of the verdict.

As to the Township's argument regarding the molding of the jury damage verdict for Bortz, the trial court's opinion first states that the jury's damage award to Bortz included $100.00 for disfigurement, but later states that "Susquehanna Township is not required to pay any amount for loss of life's pleasures, embarrassment and disfigurement." This latter contradictory statement by the trial court is undoubtedly an inadvertent oversight, especially in view of substantial evidence in the record that supports the jury's awarding Bortz $11,000.00 for pain and suffering, inevitably based on their finding that Bortz had sustained "permanent bodily function loss, dismemberment or disfigurement and incurred medical and dental expenses in excess of $1,500.00." *Rosenblum v. Port Authority of Allegheny County*, 127 Pa.Commonwealth Ct. 38, 560 A.2d 912 (1989).

The Township's argument disputing its allocated share of the trial court's molded damage verdict for Glazer as not offsetting insurance benefits Glazer previously received is on sounder footing, in light of this Court's reaffirmation in *Hill v. Port Authority Transit System of Allegheny County*, 137 Pa.Commonwealth Ct. 132, 138–39, 585 A.2d 1129, 1132 (1991), that: "[S]ection 8553(d) specifically permits a local agency to deduct insurance benefits received by a claimant from damages recoverable from the local agency."

Upon remanding the foregoing matters to the trial court for correction of the molded damage verdicts, we direct the trial court, on the basis of Section 8553(d) of the Act, to recalculate the Township's allocated share of damages due Glazer to offset the $180.50 per week in worker's compensation benefits that Glazer received. Similarly, pursuant to Section 8553(d) of the Act, we agree with the Township's argument that the trial court's molded damage verdict for USF & G, as Mercurio's subrogee, should have excluded

amounts covered by USF & G collision insurance. As this Court stated in *Bentler v. Workmen's Compensation Appeal Board (Scranton Professional Window Cleaning Co.)*, 121 Pa.Commonwealth Ct. 332, 337, 550 A.2d 854, 857 (1988): "It is clear that Section 8553(d) operates as a limitation on damages which may be recovered *from a governmental defendant* by a party directly, or by that party's subrogee." (Emphasis in original.)

■ Finally, we agree with the Township's argument that the trial court erred in assessing delay damages against the entire jury damage verdict, rather than against each tortfeasor's proportionate share. Pa.R.C.P. No. 238 (effective as of November 7, 1988), governing delay damages provides that:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, *damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant* found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award. (Emphasis added.)

On remand, we direct the trial court to recalculate the delay damage amount against the Township to ensure compliance with Rule 238 (which provides that delay damages are to be calculated on the basis of the amount of compensatory damages assessed against the tortfeasor) which, in the present case, should reflect the Township's allocated share (40%) of the trial court's total molded damage verdict.

## KOHLER

Kohler avers that the Township's appeal is correct in arguing that the "pain and suffering" damages awarded to Bortz and the damages awarded to USF & G as subrogee should be "molded out" of the verdict against the Township,

and similarly "molded out" of the verdict against Kohler. Kohler's rationale for this argument is that the very limitations on damages against the Township set forth in 42 Pa.C.S. § 8553 would also prevent Kohler from exerting its right of contribution against the Township, pursuant to the Uniform Contribution Among Joint Tortfeasors Act (Uniform Act), 42 Pa.C.S. §§ 8321–8327.[6]

Additionally, Kohler argues that Bortz failed to preserve on appeal the issue of the trial court's improperly molding the verdicts. Hence, according to Kohler, Bortz is precluded from now raising this issue on the basis of having allegedly incorporated by reference the brief of Mercurio, Glazer and USF & G, which, Kohler maintains, also fails to argue the issue of molded verdicts because it did not concern them.

Finally, Kohler argues that the trial court erred in including the amount of rents paid to a corporation not a party to the case in its calculation of decedent Mercurio's projected work-life expectancy because said amounts were deemed "disguised wages" to decedent. Kohler maintains that these amounts should be excluded, first, on the basis of public policy as a form of tax evasion and, secondly, as a corporation asset that Mercurio's widow continued to receive, not wages that ceased with Mercurio's death.

We have already addressed Kohler's first argument in our discussion of the Township's appeal of the trial court's molded damage verdicts and our direction to the trial court, on remand, to recalculate the molded damage awards to accurately reflect the comparative negligence percentages found by the jury. Further, we concur with Kohler that

---

6. *See Burgan v. City of Pittsburgh,* 115 Pa. Commonwealth Ct. 566, 585, 542 A.2d 583, 592 (1988), *petitions for allowance of appeal denied,* 521 Pa. 613, 557 A.2d 344, 521 Pa. 614, 557 A.2d 345, 521 Pa. 615, 557 A.2d 345, 521 Pa. 615, 557 A.2d 346 (1989), where this Court cited the trial court's analysis of joint tortfeasor liability:

As to the relationship of all joint tortfeasors, we conclude that they are equally liable for a pro rata share. As to the relationship of those liable on the theory of ordinary negligence, we conclude that as among themselves they may seek contribution in that percentage the jury found each to be negligent.

Bortz did not preserve for appeal the issue of the trial court's errors in molding the jury's damage verdict. As to Kohler's argument concerning Mercurio, we find them to be without merit, because the trial court acted within the parameters of its discretion in deciding to admit evidence relating to Mercurio's projected work-life.

## BORTZ

Bortz argues that although she did not specifically object to the trial court's molded damage verdict, she incorporated by reference the brief filed by Mercurio and Glazer which did articulate this objection. Further, it is Bortz' position that the trial court erred in apportioning damages between the Township and Kohler so as to preclude her recovering, from one or both of the two joint tortfeasors, the full amount of damages awarded by the jury reduced only by the amount (20%) of her comparative negligence.

We dismiss this argument because substantial evidence of record indicates the trial court correctly molded the jury's damage award to Bortz according to the percentage of liability found by the jury to be chargeable to the Township and Kohler, respectively, in compliance with Section 7102(b) of the Judicial Code, 42 Pa.C.S. § 7102(b).[7] Accordingly, on remand, the trial court should recalculate its molded damage verdict for Bortz only so as to correct its assessment of delay damages to be based not on the total damage verdict, but only upon each tortfeasor's proportionate share of the total damage verdict.

## MERCURIO, GLAZER AND USF & G

Mercurio, Glazer and USF & G collectively argue that they are entitled to recover the full amount of the allowed

7. 42 Pa.C.S. § 7102(b) states in pertinent part:
   [w]here recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages *in the ratio* of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. (Emphasis added.)

recovery (i.e., 80% of their respective verdicts) from any defendant against whom they, as plaintiffs, are not barred from recovery. They, therefore, object to the trial court's molded verdict as preventing their otherwise full damage recovery under the principle of joint and several liability.

We disagree with this argument for the same reasons presented in our discussion of Bortz' damage argument. The trial court correctly molded the damage verdicts to reflect each tortfeasor's respective liability (as found by the jury) and erred only in its assessment of delay damages.

## CONCLUSION

Our examination of the record reveals substantial evidence to support both the trial court's denial of the Township's motions for a judgment n.o.v. and its denial of the Township's and Kohler's motions for a new trial, and we further find no abuse of discretion in the trial court's evidentiary rulings. We therefore affirm the trial court's opinion on these issues.

Based on our foregoing detailed discussion, however, we do remand the consolidated cases to the trial court for recalculation of delay damages (to be assessed not against the entire damage verdict, but only against each tortfeasor's proportionate share of liability), with the requisite adjustment made to each party's total damage award to include the corrected delay damage amount.

Therefore, we direct the trial court to enter an Order providing for revised molded damage verdicts consistent with this opinion.

## ORDER

AND NOW, this 17th day of October, 1991, the order of the Court of Common Pleas of Dauphin County in the above-captioned consolidated cases denying the Township's motions for a judgment n.o.v. and denying the Township's and Kohler's motions for a new trial is affirmed.

However, we remand these consolidated matters to the trial court for recalculation of delay damages in a manner consistent with the foregoing opinion.

Jurisdiction relinquished.