604 A.2d 760

**William D. SPEECE, Appellant,**

v.

**BOROUGH OF NORTH BRADDOCK, North Braddock Volunteer Fire Company No. 2 and North Braddock Volunteer Fire Company No. 3, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1991.

Decided Feb. 19, 1992.

Charles P. Falk, for appellant.

Edward L. Russakoff, for appellee, Borough of North Braddock and North Braddock Volunteer Fire Company No. 2.

Gerald J. Hutton, for appellee, North Braddock Volunteer Fire Co. No. 3.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

William D. Speece (Speece) appeals an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the preliminary objections of the Borough of North Braddock (Borough), North Braddock Volunteer Fire Company No. 2 and North Braddock Volunteer Fire Company No. 3 (collectively, Fire Companies).

On November 2, 1990, Speece filed a civil action in trespass against Borough and Fire Companies. The critical factual allegations contained in his complaint, are as follows:

6. In response to the [fire] call, defendants [Borough and Fire Companies] dispatched two fire trucks, one owned by the Borough and one owned by Company No. 3, to the fire scene.

7. While at the fire scene, defendants caused water to be pumped through a hose which was connected up to each of the defendants' fire trucks.

8. In the course of defendants' application of water pressure on the hose, the hose in question and/or its component parts including a coupling (hereinafter collectively referred to as the "hose") burst.

9. As a result of the bursting of the fire hose, the hose swung out of control, thereby striking plaintiff [Speece] and causing him to sustain serious and permanent injuries.

■ In determining the legal sufficiency of preliminary objections, we must accept as true all well pleaded facts and reasonable inferences which may be deduced therefrom. *O'Hara Sanitation Co. v. Department of Environmental Resources*, 125 Pa.Commonwealth Ct. 441, 557 A.2d 453 (1989). Applying the foregoing principle, in addition to accepting as true the averments of fact in the complaint, we also reasonably infer that at the time of the events complained of, the trucks were not moving but were in a stationary position serving as a water pump to provide sufficient water pressure to propel the water on to the fire. In his complaint, Speece asserted negligence on the part of the Borough and Fire Companies in failing to properly inspect, repair or replace the hose, failure to warn, etc.

In December of 1990, the Borough and Fire Companies filed preliminary objections in the nature of a demurrer and motion to strike Speece's amended complaint[1] alleging Speece's failure to set forth facts sufficient to bring his claim within any of the enumerated exceptions to governmental immunity under § 8542 of the Judicial Code (Code), 42 Pa.C.S. § 8542, commonly referred to as the Political Subdivision Tort Claims Act. On January 11, 1991, the trial court entered an order sustaining the preliminary objections of the Borough and Fire Companies, and dismissing Speece's amended complaint for failure to state a cause of action.

1. Speece amended his complaint on December 6, 1990 after one of the fire companies filed preliminary objections to the initial complaint.

On appeal to this Court,[2] Speece asserts trial court error in the determination that the Borough and Fire Companies are immune from suit. Speece contends that his amended complaint contains allegations rendering the Borough and Fire Companies liable under the vehicle liability exception to local agency immunity as set forth in Section 8542(b)(1) of the Code, 42 Pa.C.S. § 8542(b)(1).

The vehicle liability exception to local agency immunity is one of eight exceptions set forth in the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542. The applicable exception provides for imposition of liability under the following circumstances:

> (b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.
>
> (1) *Vehicle liability.*-The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S. § 8542(b)(1).

Speece maintains that, as an attachment to a motor vehicle, a hose is part of the vehicle itself, and thus, negligent operation of the hose affords a cause of action against the generally immune Borough and Fire Companies under the Code.

In addition to the "operation of an attachment" theory, Speece also argues that the act of pumping water through fire trucks, in conjunction with operation of the attached hose, represents "operation" of the fire truck itself for purposes of the vehicle liability exception. Thus, asserts Speece, not only was the attachment being operated, the fire truck itself was also being operated.

---

2. When examining a trial court order sustaining preliminary objections and dismissing a complaint, this Court is limited to determining whether the trial court erred as a matter of law or committed a manifest abuse of discretion. *DeVeaux v. Palmer,* 125 Pa.Commonwealth Ct. 631, 558 A.2d 166 (1989).

In determining whether the Borough and Fire Companies are immune from suit, the crux of our analysis is whether the fire trucks were in "operation" as that term has been judicially defined by appellate courts of this Commonwealth. The Supreme Court had occasion to construe the statutory term "operation" in the case of *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). In *Love*, the plaintiff was driven home from a senior citizen center in a van owned and operated by the city. Plaintiff alighted from the van and fell when approximately two feet from the van. She sued the city for damages resulting from her injuries. The city asserted immunity. The Supreme Court affirmed this court's finding of immunity. In so doing, the Court considered the motor vehicle exception and focused on whether the accident arose out of "operation" of a vehicle. The Court noted the narrow interpretation necessary to carry out the legislative intent of insulating governmental agencies from liability, and further distinguished between "operation" of a vehicle as used in the Code and the phrase "maintenance and use of a motor vehicle" employed by the legislature in the No–Fault Motor Vehicle Insurance Act,[3] now repealed.

The Supreme Court concluded that:

[T]o operate something means to actually put it in motion. Merely preparing to operate the vehicle, or *acts taken at the cessation of operating a vehicle are not the same as actually operating that vehicle.* Thus, according to the common and approved usage of the word "operation", the van was not in operation at the time of Mrs. Love's accident. Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle. (Emphasis added, citations omitted.)

*Love*, 518 Pa. at 375, 543 A.2d at 533.

In cases decided subsequent to *Love*, this court, using the criteria established in *Love*, similarly ruled that the vehicle

---

3. Act of July 19, 1974, P.L. 489, repealed by the Pennsylvania Motor Vehicle Financial Responsibility Law of February 12, 1984, P.L. 26, effective October 1, 1984.

exception is inapplicable when an agency vehicle is not used as a conveyance or mode of transportation, but is merely ancillary to the occurrence when a party is injured. *See Dickens v. Upper Chichester Township*, 123 Pa.Commonwealth Ct. 226, 553 A.2d 510 (1989), and *Force v. Watkins*, 118 Pa.Commonwealth Ct. 87, 544 A.2d 114 (1988).[4]

In *Force*, we cited *Love* and noted that the term "operation" as used in Section 8542(b)(1) is to be strictly construed to mean "actually putting a vehicle in motion." Acts taken after cessation of vehicular operation are insufficient to invoke an exception to immunity.

In the present case, at the time the hose burst, the two fire trucks were stopped, were being used to pump water to the fire, and were clearly not being "operated", as defined by the Supreme Court in *Love*. Further, none of the acts involved via use of the attached hose was even remotely connected to driving or movement of the fire trucks. When Speece was injured, both fire trucks were in stationary positions and were being used as pumping stations to extinguish the fire. Any acts associated with use of the hose are ancillary to operation of either vehicle and are insufficient to justify penetrating the cloak of immunity afforded to governmental agencies under the Code.

## ORDER

AND NOW, this 19th day of February, 1992, the order of the Court of Common Pleas of Allegheny County is affirmed.

---

**4.** We followed the same rationale in *Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991), the first published case concerning attachments to motor vehicles. The agency was not immune from suit only because closing a door on a bus, which resulted in plaintiff's injury, was found to be an act normally related to operation of a bus.