Ruth E. SWARTZ and Charles Swartz

v.

**HILLTOWN TOWNSHIP VOLUNTEER FIRE COMPANY and Charles Reich.**

**Appeal of HILLTOWN TOWNSHIP VOLUNTEER FIRE COMPANY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1998.
Decided Dec. 16, 1998.

Phillip B. Silverman, Philadelphia, for appellant.

Leslie A. Mitnick, Doylestown, for appellee.

Before KELLEY, J., LEADBETTER, J., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Hilltown Township Volunteer Fire Company (Hilltown) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which denied Hilltown's motion for judgment notwithstanding the verdict. We reverse.

Ruth and Charles Swartz (Swartzes) filed a civil action complaint against Hilltown and Charles Reich for injuries Ruth Swartz suffered in a motor vehicle accident. On October 21, 1997, a verdict was entered on stipulated facts against Hilltown and in favor of the Swartzes in the amount of $290,000. The stipulated facts of this case are as follows.

The motor vehicle accident that is the subject of this litigation occurred on January 14, 1993 at approximately 7:30 p.m. on Route 152 in Hilltown Township, Bucks County, Pennsylvania. Route 152 is a rural, two-lane highway that is unlighted, with no posted speed limit.

Prior to the accident, a fire engine, which was owned, operated, possessed and maintained by Hilltown, was heading northbound on Route 152 with its end destination being the Hilltown Fire Station. A portable, five-way diverter valve was attached to the rear step bumper of the fire engine by means of a locking plate. The valve was used apart from the fire engine to fight fires and was not used for the vehicular operation and/or maintenance of the fire engine. Shortly before the fire engine reached its destination, the diverter valve fell from the step bumper of the fire engine and landed in the northbound lane of Route 152, where it remained stationary.

Charles Reich, who was proceeding north on Route 152, drove over the valve with his vehicle. Reich lost control of his vehicle, proceeded into the southbound lane and collided with the vehicle operated by Ruth Swartz. The point of the accident is approximately .147 miles from the fire station.

Within five minutes after the fire engine arrived at the station, Hilltown was alerted that an accident had just happened. Hilltown acknowledged causation, the absence of any negligence by the Swartzes and the monetary value of their injuries.

After the verdict was entered, Hilltown filed a motion for judgment notwithstanding the verdict asserting governmental immunity as a local agency as provided for in section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. The trial court, upon finding that the case fell within one of the enumerated exceptions to governmental immunity as provided for in section 8542 of the Judicial Code, 42 Pa.C.S. § 8542, denied Hilltown's motion. This appeal now follows.[1]

On appeal to this court, Hilltown asserts that the trial court abused its discretion or committed an error of law in denying the motion for judgment notwithstanding the verdict where, based upon the stipulated facts, the present cause of action did not fall within one of the enumerated exceptions to governmental immunity. We agree.

Local governmental agencies generally are immune from tort liability. 42 Pa.C.S. § 8541. This "governmental immunity," however, is not absolute. Section 8542 of the Judicial Code provides that an injured party may recover in tort from a local agency if: (1) damages would be otherwise recoverable under common law or statute; (2) the injury

---

[1]. Our scope of review is limited to determining whether the trial court abused its discretion or committed a legal error. *United States Fidelity & Guaranty Co. v. Royer Garden Center & Greenhouse, Inc.*, 143 Pa.Cmwlth. 31, 598 A.2d 583 (Pa.Cmwlth.1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). We must view the record in a light most favorable to the verdict winner and grant him or her every inference. *Id.*

was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of eight enumerated categories. 42 Pa.C.S. § 8542. These exceptions include: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals. 42 Pa.C.S. § 8542(b).

The General Assembly has expressed a clear intent to insulate political subdivisions from tort claims. *See White v. School District of Philadelphia,* —— Pa. ——, 718 A.2d 778 (1998); *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). In keeping with this intent, the exceptions to governmental immunity have been narrowly applied by the courts of this Commonwealth. *White; Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988); *Mascaro.*

In the instant matter, the exception relied upon by the Swartzes is the vehicle liability exception. This exception imposes liability upon a local agency for:

> The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any motor vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water, or in the air.

42 Pa.C.S. § 8542(b)(1).[2] The Pennsylvania Supreme Court has interpreted the word "operation" to mean that a vehicle must actually be in motion for the exception to apply. *Love.*

In *Love,* an elderly woman was injured while "alighting" from a city van parked at a curb. The Supreme Court determined that the van was not in motion and therefore, not in operation at the time of the woman's accident. As a result, the vehicle exception to governmental immunity did not apply. The Supreme Court explained that merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are not the same as actually operating that vehicle. The court further explained that the act of getting into or alighting from a vehicle is "ancillary to the actual operation of that vehicle." *Id.* at 375, 543 A.2d at 533.

■ Following *Love,* the term "operation" has been further interpreted to include "the movement of parts of a vehicle, or an attachment to a vehicle." *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Cmwlth. 533, 586 A.2d 1026, 1028 (Pa.Cmwlth.1991). In other words, the entire vehicle need not be in motion in order to establish "operation" for purposes of the vehicle liability exception.

■ The movement of the vehicle or its parts is a critical element. Where there is no movement, the courts have generally held that the motor vehicle exception does not apply. For example, parked or temporarily stopped vehicles have generally been held not to be in operation under the vehicle exception to governmental immunity. *See Rubenstein v. Southeastern Pennsylvania Transportation Authority,* 668 A.2d 283 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 678, 678 A.2d 367 (1996), (bus temporarily stopped at a regularly scheduled stop); *City of Philadelphia v. Melendez,* 156 Pa.Cmwlth. 271, 627 A.2d 234 (Pa.Cmwlth.1993) (negligent placement of the parked vehicle blocking the view of the traffic); *First National Bank of Pennsylvania v. Com., Department of Transportation,* 148 Pa.Cmwlth. 158, 609 A.2d 911 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992) (DOT vehicle temporarily parked on or near the berm of the highway); *Pennsylvania State Police v. Robinson,* 123 Pa.Cmwlth. 401, 554 A.2d 172 (Pa.Cmwlth.1989) (state police vehicle temporarily parked in the passing lane of the interstate highway). Although the location of the parked vehicles could have been found to have a causal relationship to the injury, the vehicle liability exception did not apply because the vehicles were not in "operation" as that term has been judicially defined. *Id.*

2. We note that this section was substantially amended by the General Assembly on July 6, 1995. As the accident in question occurred prior to this date, the amended language does not apply.

■ The movement must also be *normally related to the operation of the vehicle* in order for the vehicle liability exception to apply. *See Love; Sonnenberg; Cacchione and the City of Erie v. Wieczorek*, 674 A.2d 773 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 546 Pa. 684, 686 A.2d 1313 (1996). In *Sonnenberg*, the plaintiff was injured while exiting a bus when the bus doors suddenly closed on her. We held that the vehicle liability exception applied because the plaintiff's injury was caused by a moving part of the bus (the bus doors) *and* this movement (the closing of the bus doors) was part of the normal operation of a bus.

In *Cacchione*, a city-owned vehicle that was parked on the side of a curb rolled backward, down a hill, and crashed into plaintiffs' home causing both personal injury and property damage. Plaintiffs alleged that their injuries were caused by the driver's failure to properly engage the hand brake and block the wheels against the curb. Upon determining that the movement of the vehicle caused the injury *and* that the act of parking is normally related to the operation of the vehicle, we held that the motor vehicle was in "operation" and allowed the exception to apply.

Conversely, where the movement of a vehicle or its parts is determined to be ancillary to the operation of the vehicle, the vehicle liability exception has not been applicable. *Speece v. Borough of North Braddock*, 145 Pa.Cmwlth. 568, 604 A.2d 760 (Pa.Cmwlth. 1992). In *Speece*, the plaintiff filed suit after being injured when a hose attached to two fire trucks burst at the scene of a fire. Although the fire hose was physically attached to the fire trucks, we determined that the movement of the hose was not normally related to the "operation" of the fire truck. We concluded that any acts associated with the use of the hose were ancillary to the operation of the fire trucks and therefore, insufficient to justify penetrating the cloak of immunity afforded to governmental agencies.

■ Applying the above analysis to the case presently before us, we conclude that the vehicle liability exception does not apply. Ruth Swartz's injuries were not caused by the *movement* of either the fire engine or its parts. Similar to the parked vehicle in *Love*, neither the fire engine nor the valve were in "operation." Once the valve fell from the fire engine, the valve remained a stationary object in the road for an undetermined amount of time before being struck by Charles Reich's car. Ruth Swartz was then injured when Reich's vehicle crossed lanes and collided with her vehicle.

The Swartzes contend that Hilltown's negligence in failing to adequately secure the valve to the fire engine ultimately caused Ruth Swartz's injuries. In support of their position that the vehicle liability exception applies, the Swartzes rely on *Mickle v. City of Philadelphia*, 550 Pa. 539, 707 A.2d 1124 (1998). In *Mickle*, the plaintiff, while traveling inside a city-owned, fire department rescue van, was injured when the wheels of the rescue van fell off causing the van to suddenly shift and plaintiff to fall. The parties stipulated that the plaintiff's injuries were caused by the wheels falling off the fire van while the van was in operation due to the negligent maintenance and repair of the van. Although the wheels fell off due to the negligent maintenance and repair of the van, and not the manner in which the van was driven or operated, the Supreme Court determined that the vehicle liability exception applied because the plaintiff's injury was caused by a negligent act with respect to the operation of a motor vehicle *while the vehicle was in operation*.

However, this case is readily distinguishable from the case at hand. In *Mickle*, the only issue before the court was whether the city's negligent acts were related to the van's operation as the parties had already stipulated that the van was in operation at the time of the accident as required by *Love*. Here, having determined that neither the fire engine nor the valve were in "operation" under the facts as stipulated, we need not examine whether Hilltown's negligent acts were related to the operation of the vehicle.

We, therefore, conclude that the motor vehicle exception does not apply to the instant case. Accordingly, the order of the trial court denying Hilltown's motion for judgment notwithstanding the verdict is reversed.

### ORDER

AND NOW, this 16th day of December, 1998, the order of the Court of Common Pleas of Bucks County is reversed.