**NORTH SEWICKLEY TOWNSHIP and Raymond Peters, Appellants,**

v.

**Michael T. LaVALLE and Regina LaValle, husband and wife.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.

Decided Nov. 2, 2001.

---

**3.** Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1—5020–602.

Stephen J. Poljak, Pittsburgh, for appellees.

Mark Neff, Pittsburgh, for appellees.

Before PELLEGRINI, J., FLAHERTY and RODGERS, Senior Judges.

FLAHERTY, Senior Judge.

North Sewickley Township and Raymond Peters (Appellants, collectively) have filed this interlocutory appeal from the order of the Court of Common Pleas of Beaver County (trial court), which denied Appellants' Motion for a Judgment on the Pleadings pursuant to the motor vehicle exception to what is commonly called the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542. We reverse.

On April 3, 1999, at approximately 2:25 a.m., Police Officer Raymond Peters was conducting a vehicle patrol on River Road in North Sewickley Township, Beaver County. Peters was travelling in a northbound direction when he observed an abandoned vehicle stopped adjacent to the southbound lane. Peters pulled over and stopped in the southbound lane, facing oncoming traffic. The police vehicle headlights were activated. Peters exited his vehicle to investigate the abandoned car. While doing so, Michael LaValle was riding his motorcycle in a southbound direction on River Road toward the police car. LaValle became disoriented and at-

tempted to steer his motorcycle to the right side of the police car. He struck the police car and suffered serious bodily injury.

LaValle filed a civil action against Appellants alleging negligence. Specifically, LaValle alleged that the police car had its high beams on but the overhead lights were not activated. Appellants filed a Motion for a Judgment on the Pleadings (Motion) on the grounds that Appellants were immune from any liability pursuant to the Political Subdivision Tort Claims Act and LaValle's action did not satisfy the motor vehicle exception to immunity. The trial court denied Appellants' Motion and an interlocutory appeal was granted.

 The sole issue before us is whether the stationary and parked police vehicle was in operation at the time of the collision. When reviewing a trial court's decision to grant a motion for judgment on the pleadings, our scope of review is plenary. *Bradley v. Franklin County Prison,* 674 A.2d 363, 365 (Pa.Cmwlth.1996) (citations omitted). We must confine our consideration to the pleadings filed, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed.[1] *Id.* Further, we will sustain the trial court's grant of judgment on the pleadings only where the movant's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

The Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8542, provides the defense of governmental immunity against any damages resulting from injury to a person or property caused by any act of a local agency or its employee. 42 Pa.C.S. § 8541; *Lindstrom v. City of Corry,* 563 Pa. 579, 584, 763 A.2d 394, 397 (2000). This governmental immunity, however, is not absolute. *Swartz v. Hilltown Township Volunteer Fire Company,* 721 A.2d 819, 821 (Pa.Cmwlth.1998). Section 8542 of the Judicial Code provides that an injured party may recover in tort from a local agency if (1) damages would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of eight enumerated categories. *Id.* citing 42 Pa. C.S. § 8542(a). One of the enumerated exceptions to the general grant of immunity is the "vehicle exception" for acts involving the "operation of any motor vehicle in the possession or control of the local agency...." 42 Pa.C.S. § 8542(b)(1).

In *Pennsylvania State Police v. Robinson,* 123 Pa.Cmwlth. 401, 554 A.2d 172 (1989), a police officer stopped in the left passing lane on an interstate. While stopped, he opened the trunk of his car from the inside so that a bystander could retrieve some road flares. The bystander was hit by another car while he was standing at the trunk. A negligence action was commenced against the police officer as a result of the accident. This Court concluded that it was the placement of a parked car that had a causal relationship to the injury. *Id.* at 174. Thus, the vehicle liability exception to sovereign immunity was not applicable because the vehicle was not moving. *Id.* quoting *Love v. City of Philadelphia,* 518 Pa. 370, 374, 543 A.2d 531, 533 (1988) ("Merely preparing to operate a vehicle, or acts taken at the cessation of

---

1. LaValle pleaded that the police vehicle did not have its overhead lights activated at the time of the accident. *See* Complaint, ¶ 7.c. Appellants denied this allegation. *See* Answer, ¶ 7. Appellants continue to assert that the vehicle's overhead lights were activated, *see e.g.,* Brief of Appellants at 5, however, we must accept LaValle's allegation as true.

operating a vehicle are not the same as actually operating the vehicle.").

In *Beitler v. City of Philadelphia*, 738 A.2d 37 (Pa.Cmwlth.1999), a police officer stopped his car in the left lane on a two-lane, one-way expressway. The police officer left the vehicle with the engine running and the roof lights activated while he assisted a motorist. We held that the stopping of a police vehicle on the roadway to engage in police work is an activity distinct from the operation of a vehicle. *Id.* at 40 (*citing White v. School District of Philadelphia*, 553 Pa. 214, 718 A.2d 778 (1998)). The vehicle exception was deemed to be not applicable.

■ These cases can be synthesized to generalize that operation of a vehicle requires movement of the vehicle and when the vehicle is not moving, it is generally not considered to be in "operation" under the vehicle exception. *Cf. Vogel v. Langer*, 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990) (momentary stop in traffic was ancillary to operation of bus and, therefore, bus was in operation). Where an act, however, causing movement of a *part of a vehicle* is directly connected with the injury at issue, this Court has found the vehicle exception to be applicable. *See e.g., Sonnenberg v. Erie Metropolitan Transit Authority*, 137 Pa.Cmwlth. 533, 586 A.2d 1026, 1028 (1991) (injury by the physical closing of a bus door when the bus was stationary). In the matter *sub judice*, neither the vehicle nor a part of the vehicle was moving.

■ LaValle asserts, however, that "the cause of the accident was movement emanating from defendant's vehicle, namely the light beams coming from the vehicle's headlights." Brief of LaValle at 11. "We are constrained to strictly construe the crucial term, *i.e.*, 'operation.'" *Love.* It is unclear from the record whether the light beams were alternating between high and low beams or the beams remained high. Regardless of the high beams, low beams or alternating beams and the fact that the beams move according to the laws of physics, the laws of Pennsylvania on the vehicle exception govern this issue and they cannot be strained to conclude that the travel of light from the parked police car's overhead lights and headlights to LaValle's eyes constitutes movement of the vehicle under *Love* and its progeny. The trial court erred by denying Appellants' Motion.

The order of the trial court is reversed.

### ORDER

AND NOW, this 2nd day of November, 2001, the order of the Court of Common Pleas of Beaver County dated March 20, 2001, which denied the Motion for a Judgment on the Pleadings by North Sewickley Township and Raymond Peters, is hereby reversed.