IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis T. James, an individual, :
Robin James, an individual, and :
Dennis T. James and Robin James, :
as Husband and wife :
 :
   v. :
 :
Pier L. Chiaradia, an individual, and :
Commonwealth of Pennsylvania, :
Department of Transportation, and :
Pennsylvania State Police :
 : No. 1770 C.D. 2013
Appeal of: Pennsylvania State Police : Argued: April 24, 2014

BEFORE: HONORABLE DAN PELLEGRINI, President Judge
   HONORABLE BERNARD L. McGINLEY, Judge (P)
   HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY     FILED: September 2, 2014

The Pennsylvania State Police (State Police) appeals the order of the Court of Common Pleas of Westmoreland County (trial court) which determined that the State Police was negligent in its control of an emergency vehicle at the accident scene on December 13, 2000, and said negligence was a factual cause in bringing about the harm to Dennis T. James (James). The trial court also determined that the negligent actions of the State Police fell within the vehicle exception to sovereign immunity contained in Section 8522(b)(1) of the Judicial Code, 42 Pa.C.S. §8522(b)(1).

On December 13, 2000, a fatal accident took place on State Route 119 in East Huntingdon Township in Westmoreland County, Pennsylvania. In the

aftermath of the accident, State Trooper Brain D. Thomas (Trooper Thomas) of the State Police elected to stop northbound traffic on the road while he investigated. Trooper Thomas directed the East Huntingdon Fire Department (EHFD), which had responded to the accident to detour traffic to an off ramp which was the exit for State Route 819. The EHFD accomplished this task by blocking the northbound lane with a fire truck.

As a result of this action, a traffic backup formed in the northbound lane in which a tractor trailer truck had come to a stop. Pier Chiaradia (Chiaradia) attempted to merge his car into the right northbound lane. At the same time James attempted to merge left into the passing lane. Chiaradia hit James's vehicle which caused James's vehicle to ricochet into the back of the stopped tractor trailer truck. James suffered serious, debilitating, and permanent injuries. The injuries included traumatic brain injury, permanent blindness in both eyes, an open fracture of the left femur, open right patellar fracture, left ulnar fracture, multiple facial fractures, bilateral orbital floor and frontal sinus fractures, frontonasal ethmoid and bilateral zygoma fractures, complete sciatic nerve paralysis, left parietal contusion, cardiac arrest which necessitated left thoracotomy and placement of a chest tube, abdominal bleeding for which he underwent three exploratory laparotomies, splenectomy, colonotomy, and tracheostomy, multiple lacerations and contusions, nervous shock, anxiety, and emotional upset.

James sued the State Police, the Pennsylvania Department of Transportation (DOT), and Chiaradia for various acts of negligence. In Count 1 of

the complaint, James alleged that Chiaradia was negligent.[1]  In Count Two of the complaint, James alleged that DOT was negligent.[2]  In Count Three of the complaint, James alleged:

> 28.  Defendant, Pennsylvania State Police, was negligent and careless in the following respects:
>
> a) failing to warn motorists, by the placing of signs, flares, and/or personnel, of traffic stoppage ahead, despite having ample time and/or opportunity to do so;
>
> b) failing to properly direct the flow of traffic, given the closure of Rte 119;
>
> c) failing to comply with its own rules and/or regulations, as well as federal rules and/or regulations pertaining to highway control and safety following motor vehicle collisions.
>
> 29.  Any and/or all of the aforementioned acts of negligence directly and proximately caused the injuries to plaintiff, DENNIS T. JAMES, as set forth herein above.

Complaint, October 11, 2001, Paragraph Nos. 28-29 at 8; Reproduced Record (R.R.) at 8a.

In Count Four of the complaint, Robin James, James's wife, brought a loss of consortium claim against all defendants.

As new matter, the State Police asserted that the claims of James and Robin James were barred by the doctrine of sovereign immunity.

---

[1] James, Robin James, and Chiaradia subsequently settled through a joint tortfeasor release.

[2] By stipulation, DOT was dismissed from the action.

The State Police moved for summary judgment on the ground that its actions did not fall within the real estate exception to sovereign immunity. By order dated October 16, 2012, the trial court denied the motion.

On July 17, 2013, with the consent of the parties, the common pleas court held a nonjury trial to determine whether the State Police's actions constituted negligence and fell within one of the exceptions to sovereign immunity. The parties proffered facts to the trial court and supporting oral argument as well as exhibits, including but not limited to, deposition transcripts and police reports. No witnesses testified in person.

The State Police moved for a directed verdict on the basis that James failed to introduce evidence to establish that the motor vehicle exception to sovereign immunity applied. The trial court denied the motion. James introduced the police accident report for the original accident which included physical measurements which were taken in the northbound lane of State Route 119. James also introduced the State Police accident report for the accident to establish the time of the accident as 11:17 a.m. James introduced the field regulations for accident reconstruction of the State Police. James believed that Trooper Thomas closed the northbound lane of State Route 119 in an attempt to follow these regulations. James included the portion of James's deposition which indicated that he had no memory of the accident. James also submitted the portion of Chiaradia's deposition concerning the accident. James argued that, based on the regulations, the State Police should not have attempted an accident reconstruction because the

4

person who caused the first accident died in the accident and "you can't prosecute a dead man." Notes of Testimony, July 17, 2013, (N.T.) at 24; R.R. at 140a.

James also introduced the deposition testimony of Trooper Timothy T. Harrer (Trooper Harrer) of the State Police who was the investigating officer for the accident and assisted Trooper Thomas in his investigation of the first accident. Trooper Harrer confirmed "what was in the police accident report, that the fatal accident started on the northbound side, and on the northbound side there were yaw marks and physical evidence which crossed the highway which resulted in the need to stop traffic to take those measurements." N.T. at 26; R.R. at 142a.

James introduced the deposition of Corporal Ronald Zona of the State Police who confirmed that the purpose of stopping traffic was to take photographs and measurements. N.T. at 27; R.R. at 143a. James introduced the deposition of Corporal Jonathan Cook for the purpose of describing state police traffic control. N.T. at 27; R.R. at 143a. He also introduced the deposition of Trooper Thomas who investigated the first accident. Trooper Thomas directed the EHFD to stop traffic by blocking the road with a fire truck. N.T. at 29; R.R. at 145a.

The trial court concluded that the State Police was negligent in its control of the fire truck at the accident scene, including specifically, the order provided by Trooper Thomas to the EHFD to take the fire truck and block the northbound lane. The trial court reasoned that Trooper Thomas issued this directive even though vehicles in the earlier accident were at rest in the southbound lane. The trial court determined:

5

Plaintiff [James] avers that Defendant, Pennsylvania State Police were [sic] negligent, by and through its actions, in stopping traffic and directing the East Huntingdon Fire Department to place an emergency vehicle to block traffic and stop traffic in the northbound lane, improperly and against regulations, on the date of the accident, and that said actions fall within the vehicle liability exception of Sovereign Immunity. In contrast, Defendant, Pennsylvania State Police avers that the plaintiff [James] has failed to state a cause of action under the motor vehicle exception to Sovereign Immunity, citing caselaw that the vehicle must be in operation, or actually in motion. . . . Defendant [State Police] further argues that flashing lights do not constitute 'operation' of a vehicle for the purposes of the vehicle exception to Sovereign Immunity.

. . . .

Based upon a review of this matter, the Court concludes that the Defendant, Pennsylvania State Police were [sic] negligent in their [sic] control of the emergency vehicle at the accident scene, including specifically, the order or direction provided by the State Police Trooper to the East Huntingdon Township Fire Department to take their [sic] fire truck and block the northbound lane. . . . Further, Trooper Thomas began an accident reconstruction in the northbound lanes but admitted that the criteria for an accident reconstruction had not been met in that the at-fault driver was deceased. . . . Moreover, the Court accepts Plaintiff's [James] arguments as to the operation of the flashing lights on the emergency vehicle placed in the roadway to block traffic. It is reasonable to infer that the fire truck placed by the State Police had its flashing lights turned on, in order to alert drivers to the situation. Plaintiff [James] argued that the fire truck had utilized its emergency lighting system and cited caselaw in support of the argument that the movement of any part of attachment to a vehicle can result in the vehicle being considered in operation, if the movement of that part is incidental to the normal operation of the vehicle. . . . Plaintiff [James] argued that the purpose and existence of the fire truck in this case was to block the road, using its lights and attachments, and that it had accomplished its purpose.

6

The Court also is persuaded that the emergency vehicle fire truck should not have been directed by the Pennsylvania State Police to be placed in the middle of the road, based upon the fact that the accident did not meet the criteria for accident reconstruction . . . .

. . . .

While it is acknowledged that two reasonable individuals analyzing the same set of facts and legal principles may differ as to their proper application, in this case, the Court views the scales of justice as tipping ever so slightly in favor of plaintiff [James]. The conclusion drawn by this Court is that the totality of the circumstances resulted in the emergency vehicle, the fire truck was 'in operation', as it was specifically directed by the police state trooper to be placed in the middle of the road for the purpose of blocking traffic and alerting traffic to the situation. Accordingly, the Court finds that these actions fall within the narrow exception to sovereign immunity, and specifically, the vehicle liability exception, at 42 Pa.C.S.A. [sic] §8522(b)(1). The Court finds that the totality of said actions constitute the 'operation of any motor vehicle' in the possession or control of a commonwealth party.

Finally, although the defendant [State Police] cites numerous cases as to specific examples that support the State Police's legal argument, all cases are fact specific, and the Court has drawn its conclusions from the unique facts of this case. Upon review of all the evidence, the Court finds that defendant Pennsylvania State Police was negligent in the control and operation of a motor vehicle on December 13, 2000. Accordingly, this matter falls within a narrow exception to the sovereign immunity statute.

Trial Court Opinion, August 12, 2013, at 4-7; R.R. at 619a-622a.

The trial court determined that the State Police was negligent in its control of the emergency vehicle and that this negligence was a factual cause in

7

bringing about the harm to James. Pursuant to the State Police's motion, the trial court amended its order to add the language necessary for the State Police to pursue an interlocutory appeal pursuant to 42 Pa.C.S. §702(b). On October 23, 2013, this Court granted the State Police's petition for permission to appeal.

The State Police contends that the trial court erred when it determined that the State Police's action, where it directed the EHFD to place a fire truck in a traffic lane to close a road and to set up a detour, constituted operation of a motor vehicle in possession or control by a Commonwealth party under the motor vehicle exception to sovereign immunity.[3]

Initially, the State Police contends that James's claims do not fall within the motor vehicle exception to sovereign immunity because the fire truck was not in operation at the time of the accident.

Section 8521(a) of the Judicial Code, 42 Pa.C.S. §8521(a), provides in pertinent part: "Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise."

---

[3] In the case of a non-jury trial verdict, an appellate court's review including this Court is to determine whether the findings of fact made by the trial court are supported by competence evidence and whether the trial court committed an error of law. Allegheny Energy Supply Company v. Wolf Run Mining Company, 53 A.3d 53 (Pa. Super. 2012).

Section 8522(a)-(b)(1) of the Judicial Code, 42 Pa.C.S. §8522(a)-(b)(1), provides:

> **(a) Liability imposed**.— The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.
>
> **(b) Acts which may impose liability.** – The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> **(1) Vehicle liability.**—The *operation* of any motor vehicle in the *possession or control* of a Commonwealth party. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air. (Emphasis added).

The State Police argues that the fire truck was not in "operation" for purposes of the motor vehicle exception because it was stationary or parked.

In North Sewickley Township v. LaValle, 786 A.2d 325 (Pa. Cmwlth. 2001), *petition for allowance of appeal denied*, 797 A.2d 918 (Pa. 2002), this Court addressed the applicable law involving the motor vehicle exception to sovereign immunity. On April 3, 1999, at approximately 2:25 a.m., Police Officer

9

Raymond Peters (Officer Peters) of the North Sewickley Township (Township) Police Department had been conducting a patrol on River Road in the Township when he observed an abandoned vehicle stopped next to the southbound lane of River Road. Officer Peters pulled over and stopped in the southbound lane and faced oncoming traffic. The headlights of the police car were on. Officer Peters left his vehicle to investigate the abandoned car. While Officer Peters did so, Michael LaValle (LaValle) rode his motorcycle in a southbound direction on River Road toward the police car. LaValle became disoriented and tried to steer his motorcycle to the right side of the police car. He hit the police car and suffered serious bodily injuries. LaValle, 786 A.2d at 326-327.

LaValle commenced an action against the Township and Officer Peters based on negligence. LaValle alleged that the police car had its high beams on but the overhead lights were not activated. The Township and Officer Peters moved for a judgment on the pleadings on the basis that they were immune from liability under Sections 8541-8542 of the Judicial Code, 42 Pa.C.S. §§8541-8542, and that the motor vehicle exception did not apply.[4] The Court of Common Pleas of Beaver County denied the motion. An interlocutory appeal to this Court was granted. LaValle, 786 A.2d at 327.

---

[4]   These sections are also known as the Political Subdivision Tort Claims Act. Also, the General Assembly's use of the term "operation" has been interpreted to have the same meaning in the vehicle exception to sovereign immunity and the vehicle exception to governmental immunity, even though the two statutes are different in other respects. See Kilgore v. City of Philadelphia, 717 A.2d 514, 516 n. 2 (Pa. 1998).

This Court reviewed the applicable case law concerning sovereign immunity and reversed:

> These cases can be synthesized to generalize that operation of a vehicle requires movement of the vehicle and when the vehicle is not moving, it is generally not considered to be in 'operation' under the vehicle exception. . . . Where an act, however, causing movement of a *part of a vehicle* is directly connected with the injury at issue, this Court has found the vehicle exception to be applicable. . . .In the matter *sub judice*, neither the vehicle nor a part of the vehicle was moving.
>
> LaValle asserts, however, that 'the cause of the accident was movement emanating from defendant's vehicle, namely the light beams coming from the vehicle's headlights' . . . . 'We are constrained to strictly construe the crucial term, *i.e.*, 'operation'' . . . . It is unclear from the record whether the light beams were alternating between high and low beams or the beams remained high. Regardless of the high beans [sic], low beams or alternating beams and the fact that the beams move according to the laws of physics, the laws of Pennsylvania on the vehicle exception govern this issue and they cannot be strained to conclude that the travel of light from the parked police car's overhead lights and headlights to LaValle's eyes constitutes movement of the vehicle under Love [v. City of Philadelphia, 543 A.2d 531 (Pa. 1988)] and its progeny. The trial court erred by denying Appellants' [Township and Officer Peters] motion. (Citations omitted).

LaValle, 786 A.2d at 328.

Here, it is clear that neither was the fire truck moving nor were any of its parts moving. Under the well-developed case law, the fire truck does not qualify as in "operation" under the vehicle exception. The common pleas court inferred that the fire truck had its flashing lights on. However, in First National

11

Bank v. Department of Transportation, 609 A.2d 911 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 614 A.2d 1144 (Pa. 1992) this Court held that the motor vehicle exception did not apply when a motorist collided with a Department of Transportation vehicle that was parked along a road with its motor running and lights flashing in part because this Court determined that the vehicle was not in operation and the injuries suffered were not caused by any moving parts of the vehicle. Similarly here, even if the flashing lights were engaged, it did not constitute "operation" under the motor vehicle exception. The trial court erred when it determined that an exception to sovereign immunity applied in this case.[5]

       Accordingly, this Court reverses.

_____
BERNARD L. McGINLEY, Judge

---

[5] The State Police also contend that because it was not in possession or control of the fire truck that the motor vehicle exception did not apply. However, because this Court has determined that the fire truck was not in operation, this Court need not address this issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis T. James, an individual,       :
Robin James, an individual, and       :
Dennis T. James and Robin James,       :
as Husband and wife       :
      :
           v.       :
      :
Pier L. Chiaradia, an individual, and       :
Commonwealth of Pennsylvania,       :
Department of Transportation, and       :
Pennsylvania State Police       :
      :    No. 1770 C.D. 2013
Appeal of: Pennsylvania State Police       :

# **O R D E R**

AND NOW, this 2nd day of September, 2014, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed.

_____
BERNARD L. McGINLEY, Judge