IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Madelyn G. Gioffre, CAA Investments, :
Inc., and Mark and Annie Landman :
                                     :
        v.                      :    No. 424 C.D. 2023
                                       :
Allegheny County Board of Property :
Assessment, Appeals and Review, :
                  Appellant        :    Argued: February 6, 2024

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE CEISLER                        FILED: April 22, 2024

The Allegheny County Board of Property Assessment, Appeals and Review (BPAAR) appeals from the March 23, 2023 order of the Allegheny County (County) Court of Common Pleas (trial court), which granted a motion for judgment on the pleadings filed by Madelyn G. Gioffre, CAA Investments, Inc., and Mark and Annie Landman (collectively, Owners) and directed that the common level ratio (CLR) of 63.6% established by the State Tax Equalization Board (STEB) for the 2021 calendar year (2021 CLR)[1] apply to tax assessment appeals filed by Owners in 2022.[2] BPAAR argues on appeal that the applicable CLR is 63.5%, which STEB established

---

[1] For the sake of clarity, any reference to the CLR for a given year will reflect the calendar year for which it was established and from which property sales data was obtained. For example, a reference to the 2021 CLR concerns the CLR established by STEB on June 15, 2022, which was based on 2021 property sales data and which applied to tax assessment appeals filed between July 1, 2022, and June 30, 2023.

[2] Section 1.1 of what is commonly referred to as the Second Class County Assessment Law (Assessment Law) defines CLR as "the ratio of assessed value to current market value used generally in the county as last determined by [STEB] . . . ." Act of June 21, 1939, P.L. 626, *as amended*, added by the Act of December 13, 1982, P.L. 1186, 72 P.S. § 5452.1a.

for the 2020 calendar year (2020 CLR).  After review, we vacate the trial court's March 23, 2023 order and remand this matter to the trial court, with direction that the trial court order BPAAR to apply the 2020 CLR of 63.5% to Owners' 2022 tax assessment appeals.

## I.  Background

STEB was established by Section 1501 of the Community and Economic Development Enhancement Act (Act).[3]  Section 1516.1(a) of the Act[4] requires that, prior to July 1, STEB must calculate each county's CLR, which is based on property sales data from the previous year.  The CLR is effective from July 1st through June 30th of the following year.[5]  A taxpayer appealing the assessed value of a property may use the CLR to demonstrate a property has been over-assessed, as the CLR provides a comparison of the "assessed-to-market value ratio of the property to the average ratio throughout the [county.]" *In re Sullivan*, 37 A.3d 1250, 1255-56 (Pa. Cmwlth. 2012).

The appeal of a tax assessment in the County must be filed with BPAAR by March 31.  When reviewing these appeals, BPAAR is required by Section 10(c) of the Assessment Law[6] to determine the property's current market value for the tax year in question, the property's fair market value, and the CLR, which Section 1.1 of the Assessment Law defines as "the ratio of assessed value to current market value

---

[3] Act of June 27, 1996, P.L. 403, *as amended*, added by the Act of April 18, 2013, P.L. 4, 71 P.S. § 1709.1501.

[4] Added by the Act of April 18, 2013, P.L. 4, 71 P.S. § 1709.1516a.

[5] For example, on May 17, 2023, STEB established the CLR to be used from July 1, 2023, through June 30, 2024, based on property sales data provided by each county for 2022.

[6] 72 P.S. § 5452.10(c).

used generally in the county **as last determined** by [STEB] . . . ."[7] Hearings on tax assessment appeals generally commence in April, before STEB has established the CLR for the previous calendar year. As a result, when reviewing tax assessment appeals, BPAAR utilizes the CLR derived from property sales occurring two calendar years before the tax assessment year under appeal. Thus, for 2024 tax assessment appeals, BPAAR would typically utilize the CLR established by STEB for the 2022 calendar year.

On June 30, 2021, STEB set the County's 2020 CLR at 81.1%. Ms. Gioffre, CAA Investments, Inc., and several other property owners (Petitioners), filed objections to the 2020 CLR, which STEB denied. Petitioners sought review with this Court, which remanded the matter to STEB for the purpose of recalculating the 2020 CLR. *See Gioffre v. Dep't of Cmty. and Econ. Dev., State Tax Equalization Bd.* (Pa. Cmwlth, No 1100 C.D. 2021, filed April 25, 2023).[8]

On June 15, 2022, STEB set the 2021 CLR at 63.6%, based on sales data from the 2021 calendar year. Thereafter, Owners filed a complaint with the trial court, seeking to have the 2021 CLR applied to their 2022 tax assessment appeals. Owners argued that the 2021 CLR more closely corresponded to the tax year at issue.

---

[7] 72 P.S. § 5452.1a (emphasis added).

[8] In a separate matter, Ms. Gioffre and CAA Investments, Inc., along with other property owners, filed a complaint in the trial court that sought the resubmission of property sales data by the County to STEB for the purpose of recalculating the 2020 CLR. Following oral argument, the trial court ordered the County to submit 2020 property sales data to STEB for recalculation of the 2020 CLR. The trial court independently calculated the 2020 CLR to be 63.53%. The School District of Pittsburgh (District), which intervened in the trial court proceedings, appealed that order to this Court. In recognition of the April 25, 2023 remand order entered at Docket No. 1100 C.D. 2021, this Court stayed the matter pending the completion of those administrative proceedings. *See Gioffre v. Sch. Dist. of Pittsburgh* (Pa. Cmwlth., No. 992 C.D. 2022, filed June 20, 2023).

Because the facts were not disputed, Owners filed a motion for judgment on the pleadings. The trial court entered an order on March 23, 2023, granting Owners' motion for judgment on the pleadings and directing that BPAAR apply the 2021 CLR to Owners' 2022 tax assessment appeals. In its opinion supporting the March 23, 2023 order, the trial court reasoned that Section 10(c) of the Assessment Law requires BPAAR to determine the CLR when evaluating a tax assessment appeal, which Section 1.1 of the Assessment Law defines as the number "last determined" by STEB. Based on these statutory provisions, the trial court concluded that the most recent CLR established by STEB, the 2021 CLR of 63.6%, controlled BPAAR's disposition of Owners' 2022 tax assessment appeals. This appeal followed.[9]

## II. Issue

BPAAR argues that the trial court erred in ordering BPAAR to utilize the 2021 CLR in deciding Owners' 2022 tax assessment appeals.

## III. Discussion

BPAAR argues that Owners' October 2022 property tax appeals are governed by the 2020 CLR because the deadline for filing 2022 tax assessment appeals expired on March 31, 2022, before STEB established the 2021 CLR on June 15, 2022. Therefore, at the time Owners filed their tax assessment appeals, the most recent CLR for the County was the 2020 CLR established on June 30, 2021. BPAAR also argues that the trial court's interpretation of Section 1.1 of the Assessment Law

---

[9] When reviewing a trial court's decision to grant a motion for judgment on the pleadings, our scope of review is plenary. *N. Sewickley Twp. v. LaValle*, 786 A.2d 325, 327 (Pa. Cmwlth. 2001). This Court's consideration is confined to the pleadings filed and we accept as true all well-pled statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.* We will sustain a trial court's grant of judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *Id.*

creates a conflict with the definition of CLR in the Consolidated County Assessment Law (CCA),[10] which relevantly applies to counties of the second class A and fourth through eighth classes. Section 8844(c)(1) of the CCA mandates that any person aggrieved by a tax assessment must appeal by September 1.[11] Section 8802 of the CCA defines CLR as the ratio established by STEB "on or before July 1 of the year prior to the tax year on appeal . . . ."[12] Accordingly, a 2022 tax assessment appeal filed under the CCA would utilize the 2020 CLR established by STEB on June 30, 2021. BPAAR suggests that, to achieve statewide uniformity in tax assessment appeals, it should similarly apply the 2020 CLR to 2022 tax assessment appeals.

Owners argue that it would be "patently unreasonable" to use the 2020 CLR for their 2022 tax assessment appeals when a more current CLR is available. Owners' Br. at 14. Relying on the phrase "as last determined" in Section 1.1 of the Assessment Law, Owners suggest that BPAAR should use the most recent CLR established by STEB on May 17, 2023, for the calendar year 2022. *Id.* at 20.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."[13] If the words of a statute are clear and free from all ambiguity, it should be interpreted solely from the plain meaning of its words and the letter of the statute. *City of Philadelphia v. Workers' Comp. Appeal Bd. (Harvey)*, 994 A.2d 1, 8 (Pa. Cmwlth. 2010). Courts will look beyond the plain language of a statute, however, where the plain meaning would

---

[10] 53 Pa.C.S. §§ 8801-8868.

[11] Section 8844(c)(3) permits the county commissioners to designate a different appeal deadline, which may not be earlier than August 1. 53 Pa.C.S. § 8844(c)(3).

[12] 53 Pa.C.S. § 8802.

[13] Section 1921(a) of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1921(a).

lead to an absurd result, and, in ascertaining legislative intent, we presume that the General Assembly does not intend a result that is absurd, impossible to execute, or unreasonable. Section 1922(1) of the SCA, 1 Pa.C.S. § 1922(1); *Com. v. Hall*, 80 A.3d 1204, 1212 (Pa. 2013). The consequences of a particular interpretation, as well as contemporaneous legislative history, may be considered in ascertaining the intention of the General Assembly. 1 Pa.C.S. §1921(c)(6)-(7). Additionally, courts should not interpret statutory language in isolation, but must read it with reference to the context in which it appears. *Com. v. Giulian*, 141 A.3d 1262 (Pa. 2016).

As the trial court noted, Section 10(c) of the Assessment Law, 72 P.S. § 5452.10(c), pertinently states that BPAAR shall determine the CLR in assessment appeals. CLR is defined in Section 1.1 of the Assessment Law as "the ratio of assessed value to current market value used generally in the county **as last determined** by [STEB]." 72 P.S. § 5452.1a (emphasis added). In granting Owners' motion for judgment on the pleadings, the trial court focused on the phrase "as last determined[.]" When the trial court issued its March 23, 2023 order, the 2021 CLR of 63.6% was the CLR "last determined" by STEB.

Although the trial court's analysis is consistent with a strict interpretation of Section 1.1 of the Assessment Law, we agree with BPAAR that the trial court erred in concluding that the 2021 CLR applied to Owners' 2022 tax assessment appeals. As Owners suggest in their brief, if this Court adopted the trial court's reasoning, neither the 2020 CLR nor 2021 CLR would apply, as those CLRs have been supplanted by a CLR established by STEB on May 17, 2023, which is based on property sales data for the entire 2022 calendar year. While the record does not identify the exact date Owners filed their 2022 tax assessment appeals, the appeal deadline was March 31, 2022. Applying the 2022 CLR would result in a tax

6

assessment that is, in part, based on property sales that post-date Owners' appeal. It is conceivable that a tax appeal could arise where BPAAR is obligated to utilize a CLR based on property sales that occurred years after the tax year at issue, contravening the presumption in Section 1922(1) of the SCA that the General Assembly does not intend a result that is absurd, impossible to execute, or unreasonable.

The definition of CLR in Section 1.1 of the Act does not exist in a vacuum. Section 1516.1(a) of the Act mandates that STEB annually calculate each county's CLR prior to July 1. Therefore, each CLR has a lifespan of one year, which becomes effective on July 1st and ends on June 30th the following year. STEB recognizes this one-year limitation in its publications, which specify the time frame in which a CLR may be used. STEB calculated the county's CLR to be 63.5% for the period of July 1, 2021, through June 30, 2022.[14] Because Owners filed their tax assessment appeals during this period, the trial court erred in directing that BPAAR apply the subsequent CLR established on June 15, 2022.

For these reasons, we vacate the March 23, 2023 order of the trial court and remand this matter to the trial court, with direction that it order BPAAR to apply the 2020 CLR of 63.5% when reviewing Owners' 2022 tax assessment appeals.

ELLEN CEISLER, Judge

---

[14] *See* https://dced.pa.gov/download/common-level-ratio-2020/?wpdmdl=106429&refresh=65e8fc55762de1709767765&ind=1684417241687&filename=RATIO-2020-with-COD_PRD-REVISED-on-May-17-2023-for-Allegheny-Court-Order.pdf (last visited April 19, 2024).

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Madelyn G. Gioffre, CAA Investments, : 
Inc., and Mark and Annie Landman : 
                               : 
        v.                     :     No. 424 C.D. 2023
                               : 
Allegheny County Board of Property : 
Assessment, Appeals and Review, : 
                  Appellant : 

## O R D E R

AND NOW, this 22nd day of April, 2024, the March 23, 2023 order of the Court of Common Pleas of Allegheny County (trial court) is hereby VACATED. This matter is remanded to the trial court, with direction that the trial court order the Allegheny County Board of Property Assessment, Appeals and Review to apply the 63.5% common level ratio established by the State Tax Equalization Board for the period of July 1, 2021 through June 30, 2022, when deciding 2022 tax assessment appeals filed by Madelyn G. Gioffre, CAA Investments, Inc., and Mark and Annie Landman.

Jurisdiction is relinquished.

 

_____
ELLEN CEISLER, Judge