IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Murray, Individually and as Parent and Guardian of J.F., a minor | : **CASES CONSOLIDATED** |
| | : |
| | : |
| v. | : |
| | : |
| County of Delaware; Delaware County Children & Youth Services; Catherine Surbeck, Ph.D. Forensic Assessment and Consulting Services, LLC; Catherine Surbeck, Ph.D. | : |
| | : |
| | : |
| | : |
| | : |
| Lisa Murray, Individually and as Parent and Guardian of J.F., a minor | : |
| | : |
| | : |
| v. | : |
| | : |
| Township of Upper Darby and William Cuddhy | : |
| | : |
| | : Nos. 987 & 1219 C.D. 2023 |
| Appeal of: Lisa Murray | : Submitted: October 9, 2025 |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  December 22, 2025

        Lisa Murray (Murray) appeals from the Court of Common Pleas of Delaware

County's (trial court) order dated July 25, 2023 (Order), which granted County of

Delaware's and Delaware County Children & Youth Services' (collectively, the County), Catherine Surbeck, Ph.D. Forensic Assessment and Consulting Services', LLC, and Catherine Surbeck, Ph.D.'s (collectively Surbeck), and Township of Upper Darby's and William Cuddhy's (collectively, the Township) motions for judgment on the pleadings and dismissed Murray's claims. After review, we vacate and remand.

## BACKGROUND

On March 12, 2021, Murray, individually and on behalf of J.F., a minor, filed her Third Amended Complaint (Amended Complaint) against the County and Surbeck, alleging the County and Surbeck failed to properly investigate, evaluate, and participate in the investigation of sexual abuse against J.F. by a family member. Reproduced Record (R.R.) at 14a-34a. According to Murray's Amended Complaint,[1] J.F. came under the care of the County after it received a report that J.F. was seen engaging in sexually inappropriate behaviors and entering an abandoned home with an older male in July 2015. *Id*. at 17a. In September 2015, the County referred J.F. to Surbeck for a psychosexual evaluation.[2] *Id*. Surbeck performed the psychosexual evaluation and opined that J.F. had "clearly been exposed to sexuality in some form." *Id*. at 18a. Surbeck recommended therapy with a child psychotherapist. *Id*. On December 1, 2015, the County received a report that J.F.

---

[1] Because we are reviewing an order granting judgment on the pleadings, we confine our review to the pleadings and we "accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings" presented by Murray because she is the party against whom the motions were filed. *Foust v. Pa. Dep't of Hum. Servs.*, 305 A.3d 1128, 1132 n.3 (Pa. Cmwlth. 2023) (citation omitted).

[2] A psychosexual evaluation refers to an evaluation "of or relating to the mental, emotional, and behavioral aspects of sexual development." *Psychosexual*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/psychosexual (last visited 12/8/2025).

was left unsupervised in a home where drug activity and sexual activities were taking place, and on December 30, 2015, the County received another report regarding J.F.'s sexualized behavior. *Id.* at 19a. According to the Amended Complaint, a family member sexually abused J.F. during the time period from July 2015 through December 2015, and the County failed to remove J.F. from the sexually abusive situation, failed to provide competent ongoing therapy and treatment to J.F., and failed to properly investigate J.F.'s case. *Id.* The Amended Complaint asserts the County's failure to properly investigate J.F.'s case resulted in ongoing sexual abuse occurring on numerous occasions. *Id.* In January 2016, a forensic interviewer conducted an interview with J.F., and in February 2016, the County placed J.F. in foster care. *Id.* at 20a. While in foster care, J.F. disclosed that a family member had sexually abused him on numerous occasions. *Id.*

In April 2016, the police arrested and charged J.F.'s family member with several crimes related to J.F.'s sexual abuse. *Id.* at 21a. The accused individual pled no contest to involuntary deviate sexual intercourse with a child. *Id.*; *see* 18 Pa.C.S. § 3123(B). Murray's Amended Complaint asserts that by July 2015, the County and Surbeck knew or had reason to know J.F. was being sexually abused, and that J.F. was in a significant and foreseeable risk of serious physical harm. *Id.* According to the Amended Complaint, the County's and Surbeck's failure to investigate, monitor, and supervise J.F. substantially contributed to the sexual and physical assaults and injuries sustained by the child. *Id.* at 22a. The Amended Complaint asserts that by the County's and Surbeck's "negligent and/or reckless oversight of [J.F.'s] circumstances, and/or its intentional concealment of multiple episodes of sexual abuse . . . , [the County and Surbeck] enabled [the family member] to molest and sexually assault [J.F.] repeatedly." *Id.* The Amended Complaint

asserts that "[b]ut for the acts or omissions" by the County and Surbeck, J.F. "would not have been sexually and physically assaulted numerous times[.]" *Id*.

Accordingly, Murray's Amended Complaint alleged the following counts. Count I of the Amended Complaint alleged Negligence against the County and Surbeck, Count II of the Amended Complaint alleged Negligence against Surbeck, Count III of the Amended Complaint alleged Vicarious Liability against the County and Surbeck, and Count IV of the Amended Complaint alleged Ostensible Agency against the County and Surbeck. *Id*. at 24a-33a.

On June 30, 2022, Murray filed a Complaint against the Township asserting generally the same factual allegations. *Id*. at 38a. In her Complaint, Murray asserted the Township and Township police officer William Cuddhy (Officer) had a duty to protect J.F. from sexual abuse once the Township was notified of his circumstances. *Id*. at 40a. Murray asserted despite having notice about J.F.'s sexually inappropriate behaviors, and investigating J.F.'s conduct, the Township failed to take any action to remove J.F. from the abusive situation. *Id*. According to Murray's Complaint, the Township and Officer failed on multiple occasions to appear at J.F.'s interviews for psychosexual evaluations, failed to watch, listen to, or review recordings of J.F.'s interviews or to interview J.F. himself, which would have allowed Officer to timely ascertain J.F. was being sexually abused and remove him from the situation. *Id*. at 42a. Accordingly, Murray's Complaint alleged Negligence against the Township and Officer, Negligence against Officer, and Vicarious Liability against the Township. *Id*. at 46a-54a.

On May 19, 2023, the Township filed a motion for judgment on the pleadings. *Id*. at 57a. On June 13, 2023, the County also filed a motion for judgment on the pleadings. *Id*. at 119a. On June 21, 2023, Surbeck filed her motion for judgment on

4

the pleadings. *Id*. at 175a. The trial court held oral argument on the motions on July 12, 2023.

Following oral argument, the trial court issued its Order, which granted the County's, Surbeck's, and the Township's motions for judgment on the pleadings. The trial court found the County, Surbeck, and the Township were immune from liability under the Political Subdivision Tort Claims Act (Tort Claims Act).[3] Specifically, the trial court found the Tort Claims Act's sexual abuse exception to governmental immunity did not apply because a plain reading of the statute "requires the local agency or one of its employees to commit one of the acts enumerated in 42 Pa.C.S. § 8542(b)." The trial court noted Murray "alleges that the act, found in Section 8542(b)(9) is 'conduct that amounts to an offense under Section 5551(7),' which in this case was committed by a third party." Trial Court's Order, 7/25/2023, at 2-3 n.6. Thus, the trial court concluded that the County, Surbeck, and the Township were immune from liability and dismissed Murray's Amended Complaint and Complaint.

Murray now appeals to this Court. On appeal, Murray asserts the trial court misinterpreted the Tort Claims Act's sexual abuse exception. Murray's Br. at 5. Specifically, Murray argues the trial court erred by concluding the sexual abuse exception applies only in situations where the local agency or one of its employees commits one of its enumerated acts. *Id*. at 5-6. Murray maintains the trial court's interpretation is incorrect because the plain language of the sexual abuse exception provides local government agencies shall be held liable where a sexually abused minor's injuries were caused by "actions or omissions" of the local agency, which constitutes negligence. *Id*. Murray takes the position that the trial court's

---

[3] Sections 8541-8564 of the Judicial Code, 42 Pa.C.S. §§ 8541-8564, are commonly referred to as the Tort Claims Act. *York v. Kanan*, 298 A.3d 533, 538 (Pa. Cmwlth. 2023).

interpretation contradicts the statute's unambiguous language and adds a requirement to the statute that does not exist. *Id*.

In response, the County argues the trial court correctly concluded the sexual abuse exception to the Tort Claims Act applies only where a local agency's employee is engaged in conduct which constitutes an enumerated offense. County's Br. at 3. The County posits both policy considerations and legislative history support the trial court's interpretation. *Id*. The County also asserts, in the alternative, this Court should affirm the trial court because Murray failed to plead an actionable negligence claim against the County. *Id*.

Next, Surbeck maintains the trial court correctly granted her motion for judgment on the pleadings because she has governmental immunity and the sexual abuse exception to governmental immunity does not apply. Surbeck's Br. at 2. Specifically, Surbeck contends the sexual abuse exception requires either she or one of her employees committed an enumerated offense set forth in the statute, which Murray does not allege. *Id*. Surbeck asserts the sexual abuse exception does not apply to authorities that investigate reported claims of child sexual abuse. *Id*.

Finally, the Township contends the trial court correctly granted its motion for judgment on the pleadings because the sexual abuse exception to the Tort Claims Act does not provide for a cause of action against a police officer for failure to investigate, supervise and monitor so as to detect unreported sexual abuse of a child. Township's Br. at 1.

## DISCUSSION

Our review of an order granting judgment on the pleadings is limited to determining whether the trial court committed an error of law or abused its discretion. *White v. City of Phila.*, 712 A.2d 345, 345 n.1 (Pa. Cmwlth. 1998).

6

Additionally, we must consider "whether questions of material fact remain outstanding, such that the case should have gone to the jury." *Tobias v. Halifax Twp.*, 28 A.3d 223, 225 n.4 (Pa. Cmwlth. 2011). Because we are reviewing an order granting judgment on the pleadings, we confine our review to the pleadings and any properly attached documents. *Foust v. Pa. Dep't of Hum. Servs.*, 305 A.3d 1128, 1132 n.3 (Pa. Cmwlth. 2023) (citation omitted). Further, we "accept as true all well[-]pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted." *Id.* We must determine whether the law makes recovery impossible on the facts averred. *Cagey v. Commonwealth*, 179 A.3d 458, 463 (Pa. 2018) (citation omitted). We will sustain a trial court's grant of judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise. *N. Sewickley Twp. v. LaValle*, 786 A.2d 325, 327 (Pa. Cmwlth. 2001).

The Tort Claims Act provides the general rule regarding governmental immunity, stating: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person . . . caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. Thus, governmental immunity is the rule, except where the Legislature has expressly provided otherwise. The Tort Claims Act further sets forth the exceptions to this general rule, outlining:

> A local agency shall be liable for damages on account of an injury to a person . . . within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> > (1) The damages would be recoverable under common law or a statute creating a cause of action . . . ; and

7

> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a). Relevant to this appeal, in 2019, our Legislature enacted Section 8542(b)(9) of the Judicial Code. This section provides "the following acts by a local agency or any of its employees may result in the imposition of liability" on the local agency:

> Sexual abuse.--Conduct which constitutes an offense enumerated under [S]ection 5551(7) [of the Judicial Code] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9). Turning to Section 5551(7) of the Judicial Code, this section provides, in relevant part:

> [A]ny offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses) . . . if the victim was under 18 years of age at the time of the offense:
> . . . .
>
> Section 3121 (relating to rape).
> Section 3122.1 (relating to statutory sexual assault).
> Section 3123 (relating to involuntary deviate sexual intercourse).
> Section 3124.1 (relating to sexual assault).
> Section 3124.2 (relating to institutional sexual assault).
> Section 3125 (relating to aggravated indecent assault).

42 Pa.C.S. § 5551(7) (emphasis added).

While this case was pending on appeal, an en banc panel of this Court decided *L.F.V. v. South Philadelphia High School*, 340 A.3d 395 (Pa. Cmwlth. 2025),

8

*petition for allowance of appeal pending* (Pa., No. 243 EAL 2025, filed July 9, 2025). In *L.F.V.*, two minor male students sexually assaulted a minor female student behind the gymnasium bleachers during a physical education class. *Id*. at 1. The school district's employees supervising the class did not witness the assault. *Id*. The student sued the school district alleging the district owed a duty to protect her while she was at school and breached that duty by, *inter alia*, failing to monitor all three minors and the gym, hallway, and bathroom, and failing to supervise the employees overseeing the class. *Id*. The school district filed preliminary objections asserting it was immune under the Act, and, specifically, asserting the student failed to allege a school district employee sexually assaulted her. *Id*. The trial court overruled the school district's preliminary objections, and the school district appealed to this Court. *Id*. at 2.

On appeal to this Court, the school district, relying on Section 8541, 42 Pa.C.S. § 8541, argued it was immune from liability under the Tort Claims Act because a third party, and not the school district or its employees, committed the sexual abuse. *Id*. at 3. The school district asserted it could only lose immunity if a school district employee committed the abuse. *Id*. In response, the student argued the school district should be held liable for its negligence that enabled the sexual abuse to occur rather than the sexual abuse itself. *Id*. at 4. This Court agreed with the student, noting that the intent of the legislation was to hold municipalities, like the school district, "accountable for negligently *enabling* sexual abuse." *Id*. at 411 (emphasis in original). Accordingly, this Court rejected the school district's arguments and affirmed the trial court's overruling of the school district's preliminary objections. *Id*.

Here, the County, Surbeck, and the Township each argue the trial court properly found they have governmental immunity from Murray's claims because the sexual abuse exception to the Tort Claims Act applies only where a local agency or a local agency's employee is engaged in conduct which constitutes an enumerated offense under the sexual abuse exception. However, in light of our holding in *L.F.V.*, there is no question the sexual abuse exception to the Tort Claims Act applies where a local agency is accused of negligently enabling sexual abuse. In other words, for the sexual abuse exception to apply, there need not be an allegation that the local agency or its employee committed one of the enumerated acts. Rather, the sexual abuse exception will apply if there is an allegation the local agency negligently enabled the sexual abuse to occur. Accordingly, we agree with Murray that the trial court erred by concluding the sexual abuse exception applies only in situations where the local agency or one of its employees commits one of the exception's enumerated acts.

## CONCLUSION

Because the trial court committed an error of law by concluding the sexual abuse exception to the Tort Claims Act is applicable only where the local agency or one of its employees is alleged to have committed one of the sexual abuse exception's enumerated acts, we vacate the trial court's Order granting the motions for judgment on the pleadings and remand to the trial court for further proceedings consistent with this Memorandum Opinion.

_____
STACY WALLACE, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa Murray, Individually and as Parent and Guardian of J.F., a minor | : | **CASES CONSOLIDATED** |
| | : | |
| | : | |
| v. | : | |
| | : | |
| County of Delaware; Delaware County Children & Youth Services; Catherine Surbeck, Ph.D. Forensic Assessment and Consulting Services, LLC; Catherine Surbeck, Ph.D. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Lisa Murray, Individually and as Parent and Guardian of J.F., a minor | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Township of Upper Darby and William Cuddhy | : | |
| | : | |
| | : Nos. 987 & 1219 C.D. 2023 | |
| Appeal of: Lisa Murray | : | |

# **O R D E R**

**AND NOW**, this 22nd day of December 2025, the Court of Common Pleas of Delaware County's order dated July 25, 2023, is **VACATED**. The case is **REMANDED** to the trial court for further proceedings consistent with this Memorandum Opinion.

Jurisdiction relinquished.

_____
STACY WALLACE, Judge